**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN R. TACCETTA,

        Petitioner,

        v.

MICHELLE R. RICCI, et al.,

        Respondents.

Civil Action No. 09-5508 (MLC)

**O P I N I O N**

**APPEARANCES:**

Martin R. Taccetta, Pro Se
New Jersey State Prison
# 256379
Trenton, NJ 08625

John Vincent Saykanic, Esq.
1135 Clifton Avenue
Clifton, NJ 07013
Movant

**COOPER, District Judge**

On October 27, 2009, Petitioner, Martin R. Taccetta, filed a petition for a writ of habeas corpus, pro se, pursuant to 28 U.S.C. § 2254. Movant, John Vincent Saykanic, Esq. ("Saykanic") filed a "notice of motion for leave for petitioner to proceed in forma pauperis and for assignment of counsel under the Criminal Justice Act retroactive to September 3, 2009". (Docket entry 2). Having considered the motion pursuant to Fed. R. Civ. P. 78, the Court will deny the part of the motion for assignment of counsel, but grant the part of the motion to proceed in forma pauperis.

**DISCUSSION**

**1.  Saykanic's Motion**

The motion, submitted by Saykanic, asserts that Petitioner should be awarded counsel because of the procedural history

concerning Petitioner's New Jersey criminal case. Saykanic submits that Petitioner's appeal of his post-conviction relief motion was granted by the New Jersey Appellate Division based on his ineffective assistance of counsel claim. Then, the New Jersey Supreme Court reversed the Appellate Division, and Petitioner was remanded back to prison.

Saykanic submits that he has written a letter to the Federal Bureau of Prisons involving a report suppressed by the State at trial. He argues that Petitioner asserts two substantial federal constitutional arguments: (1) ineffective assistance of counsel; and (2) withholding of exculpatory evidence. He argues that he has reviewed Petitioner's file, that he has already expended more than 50 hours of time on the case, and that the claims have merit and requests that he be appointed counsel. (Declaration of Saykanic, docket entry 2).

**2. Analysis**

There is no Sixth Amendment right to appointment of counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("right to appointed counsel extends to the first appeal of right, and no further"); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997) (holding there is no statutory or constitutional right of counsel conferred upon indigent civil litigants); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991) (stating there is no automatic constitutional right to counsel in federal habeas corpus proceedings).

Counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).[1] In determining whether the interests of justice require appointment of counsel, the Court must examine whether a petitioner has presented a meritorious claim. See Biggins v. Snyder, 2001 WL 125337, at * 3 (D. Del. Feb. 8, 2001) (citing, among other cases, Reese, 946 F.2d at 263-64). Next, the Court must determine whether the appointment of counsel will benefit a petitioner and the Court by examining the legal complexity of the case and a petitioner's ability to present claims and investigate facts. See id. (citing Reese, 946 F.2d at 264; Parham, 126 F.3d at 457-58; Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993)). "Where these issues are 'straightforward and capable of resolution on the record,' or when the petitioner has 'a good understanding of the issues and the ability to present forcefully and coherently his contentions,' the court would not abuse its discretion in declining to appoint counsel." Id. (citations and quotations omitted); see Paul v. Att'y Gen. of N.J., 1992 WL 184358 at * 1 (D.N.J. July 10, 1992) (stating factors the court should consider in appointing counsel include: "(i) the likelihood of success on the merits; (ii) the complexity of the

---

[1] 28 U.S.C. § 1915(e)(1) also provides that a court may "request an attorney to represent any person unable to afford counsel."

legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case.").

The Court here must first determine whether Petitioner states non-frivolous, meritorious claims.  In the petition, Petitioner makes claims regarding the ineffectiveness of his trial counsel, and a claim regarding withholding of evidence, all without the help of Saykanic.  (See Pet. for a Writ of Habeas Corpus, ¶ 13, referencing 80-page Appendix submitted by Petitioner).  From the face of the petition, these contentions do not appear to be frivolous.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (in actions filed pursuant to 42 U.S.C. § 1983, a "frivolous" complaint is defined as one which has "inarguable legal conclusions" or "fanciful factual allegations").

The Court must next examine whether the appointment of counsel will benefit the Court and Petitioner.  The instant case seems to be fairly "straightforward and capable of resolution on the record."  See Parham, 126 F.3d at 460.  Petitioner has shown his capability to proceed pro se by filing numerous documents with this Court, including the lengthy appendix, the petition, and a letter.  Petitioner's claims also are not complex and are capable of resolution on the record, especially considering that, according to Saykanic, there is a lengthy record to be submitted by Respondents.  This Court's review of the petition is limited to reviewing whether the state court adjudications:

4

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See 28 U.S.C. § 2254(d). As to Petitioner's claims, the record to be provided by Respondents should provide the Court with the information needed to resolve this case. It does not appear that expert testimony will be required.

A review of this case reveals that neither the legal issues that Petitioner must address, nor the factual underpinnings of his allegations are so complex as to warrant representation by an attorney. The overall allegations of the petition do not appear to be either factually or legally complicated. Petitioner's ineffective assistance of counsel claims and withholding of evidence claim can be resolved by a review of the record. To date, Petitioner's claims have been presented in a clear and concise manner.

Petitioner, in sum, has failed to demonstrate that special circumstances warrant the appointment of pro bono counsel in this action. At this early point in the proceedings, the Court will deny Petitioner's motion to appoint counsel, without prejudice, as it does not appear that the appointment of counsel would benefit both Petitioner and the Court. Should Petitioner require additional time to meet deadlines and, of course, make the

requisite showing of good faith and good cause, this Court will entertain such a request.

It does appear that, based on Petitioner's Declaration of Indigency, filed within the motion, Petitioner may proceed <u>in forma pauperis</u>.

## CONCLUSION

Based on the foregoing, the part of Petitioner's motion for counsel is denied.  The part of the motion to proceed <u>in forma pauperis</u> is granted.  The Court will issue an appropriate Order.

                           s/ Mary L. Cooper  
                          **MARY L. COOPER**  
                          United States District Judge

Dated:    September 23, 2010