**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MARTIN R. TACCETTA, | : |
| Petitioner, | : Civil Action No. 09-5508 (MLC) |
| v. | : **MEMORANDUM OPINION** |
| MICHELLE R. RICCI, et al., | : |
| Respondents. | : |

**COOPER, District Judge**

Petitioner's counsel moves for appointment of counsel and an award of attorney fees and costs. (Dkt. entry no. 58.) This motion will be decided without oral argument. See L.Civ.R. 78.1(b). For the following reasons, the motion will be denied.

## I. BACKGROUND

On October 27, 2009, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 1993 New Jersey state court conviction. (Dkt. entry no. 1.) On January 5, 2010, John Vincent Saykanic, Esq., moved on behalf of Petitioner for leave for Petitioner to proceed in forma pauperis and for assignment of counsel under the Criminal Justice Act ("CJA") retroactive to September 3, 2009. (Dkt. entry no. 2.) In an opinion and order issued on September 24, 2010, this Court

granted <u>in</u> <u>forma</u> <u>pauperis</u> status but denied assignment of counsel.  (Dkt. entry nos. 10, 11.)

In the first application for assignment of counsel, Saykanic stated that he had expended more than 50 hours of time on Petitioner's case, which he argued had merit.  Specifically, Petitioner had raised two claims in the petition: (1) ineffective assistance of counsel; and (2) withholding of exculpatory evidence regarding a report suppressed by the State at trial.  Saykanic also noted that Petitioner's appeal from denial of post-conviction relief based on the ineffective assistance of counsel claim had been granted by the New Jersey Appellate Division.  However, the New Jersey Supreme Court reversed the Appellate Division and Petitioner was remanded back to prison.  (Dkt. entry no. 10, 9-24-10 Op. at 2.)

In denying the motion for appointment of counsel, this Court found that the legal issues and factual underpinnings of Petitioner's allegations were not so complex as to warrant representation by an attorney.  Moreover, Petitioner's ineffective assistance of counsel claims and withholding of evidence claim were capable of resolution by review of the record.  This Court also noted that Petitioner had presented his claims in a clear and concise manner, demonstrating his ability to pursue his case without aid of counsel.  Nevertheless, this

2

Court denied the motion to appoint counsel without prejudice to Petitioner renewing such motion at a later time upon the requisite showing of good faith and good cause.

Thereafter, on July 29, 2011 and August 3, 2011, the State answered the petition and provided the relevant state court record. (Dkt. entry nos. 26, 28, 29, 30, & 32.) Petitioner was given several extensions of time to file a reply/traverse. He filed his traverse or reply brief on December 28, 2011, as prepared by Saykanic. (Dkt. entry no. 44.) On April 9, 2012, Saykanic also filed a letter to this Court regarding two recent United States Supreme Court cases that were discussed by the State in an April 5, 2012 letter brief. (Dkt. entry no. 47.) Saykanic also wrote to this Court on May 8, 2013, regarding a recently decided New Jersey District Court case of Hines v. Ricci, No. 10-4130, 2013 WL 1285290 (D.N.J. Mar. 26, 2013). (Dkt. entry no. 49.) On May 25, 2013, Saykanic submitted another letter brief in support of Petitioner's case, in response to the State's letter brief of May 15, 2013. (Dkt. entry no. 51.)

On June 3, 2013, this Court issued an opinion and order denying habeas relief as to all claims raised by Petitioner for lack of substantive merit. (Dkt. entry nos. 52, 53.) On June 18, 2013, a notice of appeal was filed by Saykanic on behalf of Petitioner. (Dkt. entry no. 54.) On August 6, 2013, Saykanic

3

submitted a second motion to appoint counsel pursuant to the CJA, retroactive to August 31, 2009, and seeking attorney fees and costs of over $36,000.  (Dkt. entry no. 58.)

In his motion for appointment of counsel, Saykanic submits Petitioner's declaration, which states that Petitioner has no legal education and could not have prepared the amended petition, reply brief, and other legal correspondence as drafted by Saykanic. Petitioner also averred that most of the work performed in another civil action by Petitioner was done by Saykanic and prison paralegals.  (Dkt. entry no. 58, Pet. Decl. at ¶¶ 5, 6.)

Saykanic also submits that he has worked extensively on Petitioner's case since September 3, 2009, for a total of 264.5 hours, and expended over $3,000 in miscellaneous costs such as postage, photocopying, and binding.  (Dkt. entry no. 58, Counsel Affidavit at ¶¶ 4, 5.)  Saykanic states that he had been appointed counsel under the CJA in several "high-profile cases" in the early 1990s.  He also was appointed counsel under the CJA in separate cases in January 2000, November 2002, and May 2010. Saykanic further noted that Petitioner had other counsel appointed for him under the CJA in a federal criminal case in May 2008.  Saykanic also relates that he has spent considerable time on Petitioner's behalf in a civil complaint that Saykanic filed on Petitioner's behalf, namely, <u>Taccetta v. FBI, et al.</u>,

4

D.N.J. Civil No. 10-6194.  (Id. at ¶¶ 7-14.)  Saykanic attributes his delay in filing this motion for appointment of counsel to problems with the mail sent to Petitioner.  (Id. at ¶ 16.)

## II. ANALYSIS

There is no absolute constitutional right to appointed counsel in a federal habeas corpus proceeding.  See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Douglas v. Wolf, 201 Fed.Appx. 119, 122 n.2 (3d Cir. 2006); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992), superseded on other grounds by statute, 28 U.S.C. § 2254(d). However, this Court may appoint counsel to represent an indigent habeas petitioner if it determines "that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B); see 28 U.S.C. § 1915(e) (permitting appointment of counsel for indigent civil litigants proceeding in forma pauperis).

> In exercising its discretion under § 3006A,
>
> the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court.  Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims.  Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, or the issues were "straightforward and capable of resolution on the record," or the petitioner had "a good understanding of the

5

>   issues and the ability to present forcefully and coherently his contentions."

Reese, 946 F.2d at 263-64 (citations omitted).

This Court had previously determined that the issues raised by Petitioner were straightforward claims of ineffective assistance of trial counsel that could be resolved easily upon review of the record. (Dkt. entry no. 10.) Moreover, this Court readily denied habeas relief to Petitioner based almost entirely on the state court findings as to each of Petitioner's claims. (Dkt. entry no. 52.) Thus, this Court finds no change in circumstances or good cause to warrant reconsideration of its prior denial of appointment of counsel in this case.

To the extent that Saykanic seeks to represent Petitioner on his appeal in this matter, he may make an appropriate application for fees as permitted under the Local Rules for the Third Circuit Court of Appeals. See L.App.R. Misc. 108.0.

### III. CONCLUSION

For the foregoing reasons, the motion for appointment of counsel retroactively and for fees and costs (dkt. entry no. 58) is denied. The Court will issue an appropriate order.

                                      s/ Mary L. Cooper      
                              **MARY L. COOPER**
                              United States District Judge

Dated: March 11, 2014